IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY *et al.*,<br><br>    Defendants. | Civil Action No. 8:11-cv-00997-AW |

**MEMORANDUM OPINION**

Pending before the Court are Defendants' Cross-Motions for Summary Judgment and Plaintiff's Motion for Summary Judgment. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **GRANTS** Defendants' Cross-Motions for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is natural person who resides in Rockville, Maryland. Defendant Washington Metropolitan Area Transit Authority (WMATA) is a transportation agency that, inter alia, provides bus services in the DC metro area. Defendant ATU Local 689 (ATU) is the local branch of the Amalgamated Transit Union. ATU is the bargaining representative for WMATA employees.

On October 29, 2007, WMATA hired Plaintiff, whereupon Plaintiff started training as a bus driver. Doc. No. 49-2. On December 30, 2007, Plaintiff completed his training and became a bus driver. *See* Doc. No. 49-3. WMATA and ATU are parties to a collective bargaining

1

agreement (CBA) that generally sets the terms, benefits, and conditions of employment for WMATA employees.

Defendants allege that, on February 18, 2008, Plaintiff was involved in a verbal altercation with another WMATA bus driver. WMATA alleges that Plaintiff "approached an operator . . . [and began] yelling obscenities, racial slurs, and making violent threats of harm and sexual gestures at him, while in the presence of customers." Doc. No. 49-3. Plaintiff disputes that he engaged in an altercation and asserts that the allegations of the other bus driver "were disproven by a witness." Doc. No. 52 at 1. On March 11, 2008, WMATA terminated Plaintiff based on the foregoing allegations. *See id.* In WMATA's March 11, 2008 Memorandum terminating Plaintiff, WMATA stated that Plaintiff was not entitled to file a grievance because it was dismissing him prior to the completion of his 90-day probationary period. *See id.* at 2. ATU also maintains that Plaintiff was "still in his 90-day probationary period at the time of his termination." Doc. No. 50 at 2.

Thereafter, Plaintiff asked ATU to grieve his termination. *See* Doc. No. 51-4; Doc. No. 52 at 2. Plaintiff asserts that he made repeated requests to this effect and that multiple ATU representatives refused them, including "its President and [its] Counsel" Doc. No. 52 at 2. On June 30, 2009, ATU informed Plaintiff that it would not be filing a grievance disputing his discharge. Doc. No. 51-4.

On or around March 11, 2011, Plaintiff filed this action in the Circuit Court for Montgomery County, Maryland. Defendants removed the case on April 21, 2011. Through counsel, Plaintiff filed a Complaint containing seven Counts. Nominally, they are: (1) breach of contract; (2) specific performance; (3) reformation; (4) unjust enrichment; (5) promissory estoppel; (6) intentional misrepresentation; and (7) constructive fraud. Although the Complaint is

ten pages long, it is redundant and boils down to the following allegations: (1) Plaintiff lost the money he paid ATU because ATU failed to represent him; (2) Plaintiff lost his job and associated benefits because ATU failed to represent him; (3) Plaintiff wants Defendants to arbitrate his termination; (4) Defendants misrepresented that Plaintiff could grieve his termination; (5) Defendants maliciously and/or recklessly disregarded his rights under the CBA; and (6) ATU should refund his union dues. Apparently, Plaintiff filed an Amended Complaint while the action pended in state court. Doc. No. 10-1. The Amended Complaint is substantively the same as the Complaint.

WMATA answered on April 21, 2011. Doc. No. 8. Before ATU answered, the Court granted Plaintiff's counsel's Motion to Withdraw. *See* Doc. Nos. 18, 21. Subsequently, Plaintiff, acting pro se, served process on ATU, after which ATU answered. Doc. No. 25. Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis (IFP Motion) and a Motion to Appoint Counsel. In an Order issued on October 10, 2012, the Court granted Plaintiff's IFP Motion and denied his Motion to Appoint Counsel. Doc. No. 38.

At the close of discovery, the Parties cross-moved for summary judgment. Plaintiff's Motion for Summary Judgment is a short document in which Plaintiff argues that, based on the language of the CBA and relevant extrinsic evidence, he was entitled to union representation and grievance procedures when WMATA terminated him. *See* Doc. No. 49-1. ATU lodged its Cross-Motion for Summary Judgment on April 22, 2013. *See* Doc. No. 51-1. ATU characterizes Plaintiff's case as a hybrid wrongful discharge/breach of duty of fair representation action and argues that the six-month statute of limitations applicable to such cases bars Plaintiff's claims. ATU also argues that Plaintiff's claims fail because (1) he failed to exhaust an internal appeals process; (2) ATU's decision not to represent him was not arbitrary, discriminatory, or in bad

3

faith; and (3) Plaintiff's grievance had no merit. WMATA filed a Cross-Motion for Summary Judgment in which it raises essentially the same arguments. Doc. No. 50.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Material disputes are those that "might affect the outcome of the suit under the governing law." *Id.* Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, the nonmoving party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *See Beal v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Further, if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Finally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for

summary judgment. *See Greensboro Prof'l Firefighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

**III.    LEGAL ANALYSIS**

Although Defendants have raised various arguments in support of their respective Cross-Motions for Summary Judgment, the case boils down to two basic issues: (1) whether Defendants had a contractual duty under the CBA to participate in a grievance process; and (2) whether the statute of limitations has expired on Plaintiff's allegedly hybrid breach of contract/breach of fair duty of representation claim. The Court first addresses the limitations issue as it disposes of the entire case.

"It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983) (citation omitted). "Ordinarily, however, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement." *Id.* at 163–64 (citations omitted). The Supreme Court has "recognized that this rule works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *Id.* at 164. "In such an instance, an employee may bring suit against both the employer and the union . . . ." *Id.* (citations omitted). "Such a suit, as a formal matter, comprises two causes of action." *Id.* "The suit against the employer rests on § 301 [of the LMRA], since the employee is alleging a breach of the collective bargaining agreement." *Id.* "The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act." *Id.* "The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is

the same whether he sues one, the other, or both." *Id.* at 165. "The suit is thus . . . a hybrid § 301/fair representation claim . . . ." *Id.* (citation omitted). "[T]he six-month statute of limitations provided in section 10(b) of the NLRA, 29 U.S.C. § 160(b), applies to any hybrid section 301 action . . . ." *Int'l Longshoremen's Ass'n, AFL–CIO v. Cataneo Inc.*, 990 F.2d 794, 799 (4th Cir. 1993) (internal quotation marks omitted) (citing *DelCostello*, 462 U.S. at 172).

In *DelCostello*, the Supreme Court did not directly address whether the six-month limitations period in section 10(b) of the NLRA applied to an employee's standalone claim for breach of the duty of fair representation against a union. The vast majority of circuits, however, have addressed this question and have held or strongly suggested that it does. *See Smith v. Int'l Org. of Masters, Mates and Pilots*, 296 F.3d 380, 382 (5th Cir. 2002); *Witt v. Roadway Exp.*, 136 F.3d 1424, 1431 (10th Cir. 1998); *George v. Local Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 100 F.3d 1008, 1014 (D.C. Cir. 1996); *DeSantiago v. Laborers Int'l Union of N. Am., Local No. 1140*, 914 F.2d 125, 130–31 (8th Cir. 1990); *Kalombo v. Hughes Market Inc.*, 886 F.2d 258, 259–60 (9th Cir. 1989); *Eatz v. DME Unit of Local Union Number 3 of Int'l Bhd. of Elec. Workers, AFL-CIO*, 794 F.2d 29, 33 (2nd Cir. 1986); *Adkins v. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC*, 769 F.2d 330, 335 (6th Cir. 1985); *Erkins v. United Steelworkers of Am., AFL-CIO-CLC*, 723 F.2d 837, 839 (11th Cir. 1984); *cf. Johnson v. Graphic Commc'ns Int'l Union*, 930 F.2d 1178, 1183 (7th Cir. 1991); *Holmes v. United Transp. Union, Balt. Div. Local No. 610*, No. 86-1239, 1987 WL 36651, at *1 (4th Cir. Mar. 5, 1987) (citing *Triplett v. BRAC*, 801 F.2d 700, 702 (4th Cir. 1986)); *Sisco v. Consol. Rail Corp.*, 732 F.2d 1188, 1193–94 (3d Cir. 1984).[1]

---

[1] Some courts have held that the six-month statute of limitations may not apply where the plaintiff asserts claims against only the union and the dispute is entirely internal to the union. *See Taylor v. Giant Food, Inc.*, 438 F. Supp. 2d 576, 590–91 n.19 (D. Md. 2006) (citing cases). This case, which involves the employer and turns on the meaning of the CBA, does not present such a situation.

"Congress has not enacted a statute of limitations governing actions brought pursuant to § 301 of the LMRA." *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 60–61 (1981). Generally, "the timeliness of a § 301 suit . . . is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *Id.* (citation and internal quotation marks omitted). In the wake of *DelCostello*, however, the Fourth Circuit has taken a narrow view of *Mitchell*, holding that "a six-month statute of limitations applies to actions under the Act brought by an employee against his employer for breach of a collective bargaining agreement." *Foy v. Giant Food Inc.*, 298 F.3d 284, 291 (4th Cir. 2002) (citing *DelCostello*, 462 U.S. at 171–72).

"The general rule is that a cause of action accrues when the plaintiff knows or should have known that a violation of his rights has occurred." *Gilfillan v. Celanese Ag*, 24 F. App'x 165, 167 (4th Cir. 2001). This standard is objective. *Dement v. Richmond, Fredericksburg & Potomac R.R. Co.*, 845 F.2d 451, 460–61 (4th Cir. 1988). "Generally speaking, a cause of action for breach of the duty of fair representation accrues at the point where the grievance procedure has been exhausted or otherwise breaks down to the employee's disadvantage." *Dement*, 845 F.2d at 460 (citation and internal quotation marks omitted). Thus, an employee knows or should have known that the violation of his rights occurred where the union notifies him that it will not pursue his appeal further. *See Adams v. Budd Co.*, 846 F.2d 428, 431 (7th Cir. 1988) (citation and internal quotation marks omitted) ("The six-month limitations period begins to run . . . from the time the employee discovers . . . that no further action would be taken on his grievance."); *Stafford v. Ford Motor Co.*, 835 F.2d 1227, 1233 (8th Cir. 1987) ("[T]he timeliness of Stafford's claim against the union for breach of its duty of fair representation should be measured from the date he exhausted the UAW internal appeals process.").

In this case, Plaintiff's hybrid breach of contract/duty of fair representation claim is time-barred. Plaintiff does not dispute that ATU informed him on June 30, 2009 that it would not be grieving his termination. At this point, Plaintiff had both actual and constructive knowledge that he had exhausted the appeals process and that ATU would not be taking action on his behalf. Yet Plaintiff did not file suit until on or around March 11, 2011. Thus, Plaintiff did not file suit until over one year and eight months after the accrual of his cause of action. Therefore, the six-month limitations period in *DelCostello* bars the instant action.

Although Plaintiff makes no such argument, he might argue that this is not a hybrid action and, therefore, a different statute of limitations should apply. One cannot sustain this argument on the facts; this case has all the hallmarks of a hybrid action. Plaintiff has sued both WMATA and ATU and has asserted claims sounding in breach of contract and breach of the duty of fair representation. Although Plaintiff has labeled some of his hybrid claims as tort claims, a plaintiff "cannot avoid the application of a federal statute of limitations by characterizing his claims as tort claims." *Tobin v. Grand Union Co., Inc.*, 617 F. Supp. 19, 22 (D. Md. 1985) (citing *Allis Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985)); *see also Taylor*, 438 F. Supp. 2d at 591 (holding that six-month statute of limitations applied to claim that was "highly similar to unfair labor practice claims" and "brought in conjunction with" claims against employer). Allowing Plaintiff to circumvent the six-month limitations period applicable to hybrid claims through artful pleading would upset both "the national interests in stable bargaining relationships" and "federal labor laws' overriding policy goal to resolve labor disputes quickly." *Taylor*, 438 F. Supp. 2d at 591 (internal quotation marks omitted) (citing *Reed v. United Transp. Union*, 488 U.S. 319, 330 (1989)); *Cataneo*, 990 F.2d at 800 (citations

8

omitted). Accordingly, as this case is a hybrid action, *DelCostello*'s six-month statute of limitations period is applicable.

Plaintiff's claims would be time-barred even had he asserted standalone claims against ATU for breach of the duty of fair representation and WMATA for breach of contract. As noted, courts have consistently applied section 10(b)'s six-month limitations period to standalone claims for breach of the duty of fair representation. Furthermore, in *Foy*, the Fourth Circuit applied the six-month limitations period to section 301 actions against an employer for breach of a collective bargaining agreement. Even if *Foy* were inapplicable, Plaintiff's section 301 claim against WMATA would fail under the default rule that courts must determine the timeliness of section 301 suits by reference to the appropriate state statute of limitations. Maryland's 90-day statute of limitations would apply in such a case. *See Mayo v. Bd. of Educ. of Prince George's Cnty.*, 797 F. Supp. 2d 685, 690 (D. Md. 2011) (citing COMAR 14.32.05.01); *accord Reid v. Prince George's Cnty. Pub. Schs.*, Civil Action Nos. 11–cv–02470–AW, 11–cv–02471–DKC, 2011 WL 5513221, at *5 (D. Md. Nov. 10, 2011).

Plaintiff's claims would also fail were the Court to treat them as arising under state law. The Fourth Circuit has held that "a purportedly state law claim, the resolution of which depends substantially upon the analysis of a collective-bargaining agreement's terms, must either be treated as a claim under § 301 or be dismissed as preempted under federal labor law." *Davis v. Bell Atl.-W.V., Inc.*, 110 F.3d 245, 247 (4th Cir. 1997) (citing *Allis-Chalmers*, 471 U.S. at 220); *see also Clark v. Newport News Shipbuilding and Dry Dock Co.*, 937 F.2d 934, 938 (4th Cir. 1991); *White v. Nat'l Steel Corp.*, 938 F.2d 474, 481 (4th Cir. 1991); *Taylor*, 438 F. Supp. 2d at 583. In this case, the focus of the Parties' dispute is whether the terms of the CBA obligated

Defendants to allow Plaintiff to arbitrate his grievance. Therefore, federal law preempts Plaintiff's putative state law hybrid claims.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Cross-Motions for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment. A separate Order closing the case with prejudice follows.

| | |
|---|---|
| June 27, 2013 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |